PERSONAL INDUSTRIAL BANKERS, Inc., v. CITIZENS BUDGET CO. OF DAYTON, OHIO, Inc., et al.

No. 6812.

Circuit Court of Appeals, Sixth Circuit.

Dec. 5, 1935.

U. G. Denman, of Toledo, Ohio (William M. Matthews and Matthews & Mat-thews, all of Dayton, Ohio, and Denman, Miller & Beatty, of Toledo, Ohio, on the brief), for appellant.

W. S. McConnaughey, of Dayton, Ohio (McConnaughey, Demann & McConnaughey, of Dayton, Ohio, on the brief), for appellees.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The controversy is between the common and the preferred stockholders of the appellee Budget Company, and involves the right of the preferred stockholders to vote upon a resolution fixing the number of the board of directors within limits provided by its charter, or at the election of directors. The bill sought to enjoin the preferred stockholders from voting, and the decree from which appeal is taken denied injunction and dismissed the bill.

The facts are not in dispute. The Budget Company is an Ohio corporation, and the problem presented arises from the wording of a paragraph in its articles of incorporation dealing with the voting rights of preferred stockholders. Conflicting interpretations are placed upon the paragraph and upon its relation to the statutory provisions governing voting rights of stockholders. The problem may at once be sensed from a recital of the principal statutory provision and a quotation from the articles. Section 8623-50, Ohio General Code, is as follows:

"*Unless otherwise provided in the articles,* every shareholder of record at the date fixed for the determination of the persons entitled to vote at a meeting of shareholders, or, if no date has been fixed, then at the date of the meeting, shall be entitled at such meeting to one vote for each share then standing in his name on the books of the corporation."

The articles of incorporation provide:

"The holders of the preferred stock shall not be entitled to notice of meetings of the stockholders, nor to vote the preferred stock at any such meeting, except meetings called to consider and act upon subjects or questions with respect to which the voting rights are *conferred* by statute upon the holders of the preferred stock."

The italics in both excerpts are ours.

It will be noted that section 8623-50 of the Code permits a limitation in the articles of incorporation upon the voting

rights of shareholders. Notwithstanding this possible limitation, other sections of the Code permit voting upon certain specified subjects regardless of limitations or restrictions upon the voting power of any class of stockholders. No section of the Code, however, permits voting, regardless of limitation or restriction, upon any proposal to change the number of directors, or at election of directors.

Upon this alignment of statutes and charter the plaintiffs sought to prevent the preferred stockholders from voting upon a resolution fixing the number of directors, and from voting at the election of directors. They were met by a contention, successful below, substantially as follows: Section 8623-50 confers upon all stockholders, regardless of class or the nature of the subject to be voted upon, the right to vote, "unless otherwise provided in the articles." The charter provision recites a limitation upon the voting rights of preferred stockholders, but this limitation by reason of its final clause contains an exception which prevents its application to "subjects or questions with respect to which the voting rights are conferred by statute upon the holders of the preferred stock." Since section 8623-50, which confers the voting rights in the first instance, comes within the exception, there is no limitation upon the voting rights of preferred stockholders, the paragraph in question being but "an awkward way" of saying that preferred stockholders are unrestricted in their voting rights. This contention is supported by the argument that the word "conferred" in the exception can have reference only to section 8623-50 because thereby alone are voting rights conferred. It can have no reference to other sections of the Code, because they do not confer voting rights, but merely recognize voting rights conferred by section 8623-50, and declare that they may not be denied in respect to certain subjects or questions. The contention, if sound, of course, leaves the paragraph in the articles not only without purpose or effect and meaningless, but reduces it to utter absurdity.

■ We are here asked to construe a contract, for it is too elementary to require citation, and the parties agree that a corporation charter is a contract not only between the state and the corporation, but between the corporation and its stockholders, and between the several classes of stockholders. We are confronted at once with the general canon of contract construction, which requires that, if possible, every provision in a contract be given effect, if it can reasonably be done, and held to have been inserted for some purpose and to perform some office. This rule of construction is not only of general application, but is clearly recognized by Ohio law. Wadsworth Coal Co. v. Silver Creek Mining Co., 40 OhioSt. 559, 567; German Fire Insurance Co. v. Roost, 55 OhioSt. 581, 585, 45 N.E. 1097, 36 L.R.A. 236, 60 Am.St.Rep. 711; Farmers' National Bank v. Delaware Insurance Co., 83 OhioSt. 309, 310, 94 N.E. 834; Ohio Crane Co. v. Hicks, 110 OhioSt. 168, 172, 143 N.E. 388. We recognize that in construing a contract which rests upon statute, the statute must be read into the contract, and that rules for construing statutes are not those which apply to the construction of contracts. United States v. Union Pacific R. Co., 91 U.S. 72, 23 L.Ed. 224. Whereas in a contract the intention of the parties may be the controlling element, and their own acts may give meaning to their words, in interpreting statutes "the only intent which judicial construction can make certain is the intent of the legislative power."

■ This distinction must be as applicable to the defendant's interpretation of the Ohio Code as it is to that of the plaintiff. The defendant contends that section 8623-50 confers upon stockholders the right to vote and no other section of the Code does so. In strict literalness it may be doubted whether the first part of the statement is true. Perhaps it may with more accuracy be said that the right to vote is inherently incident to the ownership of stock, and unless limited by statute or charter, is vested in the record holder of such stock even though statute and charter are silent upon the question of voting rights. This must be so if the corporation is to function and be more than an impotent entity incapable of carrying out the purposes of its creation. So viewed, section 8623-50, like others of the Code, merely recognizes an existing right, and its chief concern is to define the extent of its exercise by each shareholder, and to permit its restriction by the articles.

Granting, however, the defendant's premise that section 8623-50 confers voting rights, and accepting dictionary meaning of the word "conferred" in its context as equivalent to "bestowed" or "granted," nevertheless the right granted by the sec-

tion to the stockholders is not unqualified, but subject to the condition that the articles shall not otherwise provide. That being so, it seems clear that if one section of the Code confers or bestows upon shareholders voting rights which are not absolute, but subject to permissible limitation thereon in the articles, and other sections remove the possibility of limitation with respect to certain subjects, then in a very true sense the latter confer rights in respect to voting on specified subjects. This may be refinement of reasoning not imperative to decision, but forced upon us by the niceties of argument which prevailed below, and which are insisted upon here. Broadly considered, the questioned paragraph in the articles evidences the intention of the incorporators to place some limitation upon the voting rights of preferred stockholders. Had they stopped with the limitation, and omitted the exception, their purpose would, of course, have been beyond controversy. They did, however, add the exception, and this permits of the analysis that discloses (1) a grant of voting rights by section 8623-50, (2) a limitation upon such rights in the articles, and (3) an exception to the limitation which in the strictness for which the defendant contends is coextensive with the original grant, and so nullifies the limitation. But the original grant was not absolute, and so the argument fails because the grant and the exception are not coextensive, and we are back to the point from which we started.

We think an effective and not a futile limitation was intended. It is a reasonable construction to conclude that in excess of caution the incorporators desired to make it clear that they were limiting voting power on those subjects only in respect to which voting rights were conditional and not absolute in view of all applicable sections. This is the only reasonable interpretation permitted if we are to be governed by the rule to which both litigants pay tribute. This view is confirmed by the practical construction of the parties themselves, for the record discloses that until this controversy arose the preferred · stockholders had never sought to vote upon the questions here involved. Recognizing that the application of the rule to the paragraph in question may be fatal to their case, the defendants seek to assign to its verbiage a meaning other than that here ascribed. It excludes, they say, the preferred shares from any special or pre-

ferred voting rights which might conceivably be claimed by reason of the designation of these shares as preferred. This, however, is too fanciful to be persuasive.

Decree reversed, and cause remanded, with instructions to grant the injunction.