**In re James G. and Wendy HILL, Debtors.**

**James G. HILL, et al., Plaintiffs,**

**v.**

**WINDWARD HILLS CONDOMINIUM ASSN., Defendants.**

**Bankruptcy No. B88–1513. Adv. No. B89–27.**

United States Bankruptcy Court, N.D. Ohio, E.D.

June 13, 1989.

Thomas F. Sheehan, Sheehan & Sheehan, Cleveland, Ohio, for plaintiffs.

Dwight A. Miller, Stavole & Miller, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

James and Wendy Hill, (Debtors) seek a determination of the dischargeability of certain maintenance fees assessed against them during their ownership of a condominium unit under the auspices of the Defendant Windward Hills Condominium Association (WHCA). In July of 1979, the Debtors purchased one of WHCA's condominium units (the Unit) and have continued to occupy the premises to the present time. On April 11, 1988, the Debtors sought relief by filing their joint petition under Chapter 7. As condominium owners, they were obligated to pay monthly maintenance fees, in addition to their mortgage note obligation. Upon the panel Trustee's motion, the Debtors' interest in the Unit was abandoned to them on July 22, 1988. Thereafter they continued occupancy of the Unit. When property is abandoned by the Trustee, the property is no longer property of the estate and the estate, consequently has no interest in the property. *See* H.R. Rep. No. 95–595, 95th Cong., 1st Sess., at 343 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; *In re Cruseturner*, 8 B.R. 581 (Bankr.D.Utah 1981). Once abandoned, their mortgage lender commenced foreclosure proceedings which ultimately extinguished their title interest in the Unit. They presently occupy the Unit as lessees of the foreclosure sale purchaser.

Subsequently, the Debtors obtained their Chapter 7 discharge on July 27, 1988. It is undisputed that the Debtors made no maintenance fee payments on the Unit to WHCA between the petition filing date and the date the Unit was abandoned. It is further undisputed that the Debtors made no timely maintenance fee payments during the period post-abandonment and the date the Unit was sold on December 15, 1988, while continuing to occupy the Unit. Post-discharge, but prior to case closing, WHCA filed a state court proceeding to collect the maintenance fees from the Debtors. This adversary proceeding ensued.

The principal issues to be resolved are two-fold: (1) Whether the subject maintenance fees are dischargeable and (2) Whether WHCA violated the automatic stay in pursuing its State Court action against the Debtors?

In their Complaint, the Debtors contend that the subject maintenance fees were a prepetition obligation and thusly were fully dischargeable. They further

contend that the WHCA violated the automatic stay provisions of the Bankruptcy Code by pursuing collection actions against them in State Court. Contrarily, WHCA contends that the Debtor's required maintenance fees were postpetition obligations wholly unaffected by the Chapter 7 discharge. It further contends that its State Court action against the Debtors was not in violation of the automatic stay since it was never stayed from collecting the maintenance fees by the Chapter 7 petition filing.

As a unit owner, the Debtors were automatically members of the Unit owners association or WHCA. Their conduct and interest respecting their unit was regulated by a Declaration of Condominium Ownership (DCO) and the by-laws of WHCA. (*See* Ex. A). In pertinent part, the by-laws required the following:

> On or before January 1st of the ensuing year, and the first of each and every month of said year, each Owner shall be obligated to pay to the Association or as it may direct one-twelfth (1/12) of the assessment made pursuant to this paragraph. All payments, if not paid by the 10th day of each month shall be subject to a late charge of Five Dollars ($5.00) to be levied by the Association. (Ex. A, By-laws of WHCA).

The above-quoted language clearly indicates that the maintenance fee obligation does not accrue until the first of each month. It is uncontested that the Debtors occupied their unit postpetition, prior to abandonment of same, without paying their monthly assessments. As such, their estate was benefitted by their continued occupancy during that period and the fees owed for that period were postpetition obligations entitled to an administrative expense priority under § 503(b)(1)(A) of the Bankruptcy Code. This is so notwithstanding the fact that the WHCA's estimated budget is prepared prepetition. (Ex. A, By-laws, Art. V, Sec. 2). The obligation to pay the budgeted amount does not arise until the first of each month. Herein, the Debtors failed to meet that obligation during the postpetition period prior to abandonment of the Unit. Procedurally, the WHCA should have timely sought relief in this regard by filing an application for payment of administrative expenses. The record reflects this was not done.

■ Next, the Court must determine whether the stay provision of § 362 of the Code was violated when WHCA filed an action in the State Court postpetition to collect the subject maintenance fees. Section 362 provides in relevant part:

> [a] petition filed under section 301, 302, or 303 of this title——operates as a stay, applicable to all entities, of
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (6) any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title——. 11 U.S.C. § 362(a)(1), (4) and (6).

WHCA caused to be filed its Complaint in the State Court in an effort to collect maintenance fees owed by the Debtors for a period extending from March of 1987 through September of 1988. The Debtors' Chapter 7 petition was filed on April 11, 1988. In their State Court Complaint, WHCA sought recovery totalling $1,234.00 in addition to other specified relief. It is apparent that a portion of the relief WHCA sought in the State Court action was based on a prepetition claim. At no time did WHCA seek a grant of relief from the automatic stay to pursue its State Court action against the Debtors. Its conduct was in violation of the aforementioned provisions of § 362(a).

■ Accordingly, WHCA is hereby directed to file an appropriate application for its postpetition administrative claim as addressed herein, including accrued late

**910**

charges. WHCA's cross-claim seeking attorney's fees is denied. The maintenance fees which accrued postpetition but prior to abandonment are not dischargeable debts.

WHCA's filing of a State Court action without prior authorization from this Court was a clear violation of § 362(a). Sanctions for such conduct have been requested by the Debtors and are appropriate. Accordingly, the Debtors are hereby directed to certify their fees and costs in defending the State Court action to this Court no later than fifteen days from the entry of this order. Upon review of same, reasonable fees and costs will be awarded against WHCA.

IT IS SO ORDERED.