**In re George R. LAMB, Debtor.**

**Bankruptcy No. 92–10869.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Aug. 11, 1994.

Christine Murphy, Cleveland, OH, for debtor.

Jeffrey P. Posner, Zellmer & Gruber, Cleveland, OH, for Cashelmara.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is Debtor, George R. Lamb's Motion for an order directing Cashelmara Condominium Association (Cashelmara) to show cause why they should not be held in contempt of his discharge order to which Cashelmara filed a Brief and Supplemental Brief in opposition. A January 25, 1994 order granted Debtor's motion to reopen his Chapter 7 case to permit consideration of the contempt motion. This is a core proceeding within the jurisdiction of the Court. 28 U.S.C. §§ 1334, 157(a), (b)(2)(I), (O), General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This matter was submitted on stipulations and briefs.

Stipulated facts are as follows:—

"1. From June 5, 1991 until August 24, 1992, George Lamb and/or the bankruptcy estate of George Lamb was the owner of record of Unit 83, Cashelmara Condominium, which unit had a street address of 23026 Roberts Run, Bay Village, Ohio.

2. On February 8, 1992, George Lamb filed a petition in bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. A copy of the notice of the filing thereof is attached as Exhibit A.

3. On or about March 24, 1992, an order was entered by the Bankruptcy Court abandoning Unit 83 to the debtor. A copy of the order is attached as Exhibit B.

4. On about June 29, 1992, an order of discharge was entered in George Lamb's bankruptcy. A copy of the order is attached as Exhibit C."

This order, consistent with Section 524(a)(2) of the Bankruptcy Code, enjoins creditors whose debts are discharged from "commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor ..."

"5. On August 24, 1992, Unit 83 was sold at Sheriff's sale. The sale was thereafter confirmed and title transferred out of the name of George Lamb.

6. During the period March 24, 1992 to August 24, 1992, maintenance charges and regular and special assessments by the Cashelmara Condominium Unit Homeowner's Association relating to Unit 83 were made as set forth in Exhibit D."

Exhibit D indicates total charges of $3,130.43 for this period plus interest from September 1, 1992.

"7. Cashelmara has not been paid, and has not recovered from any source, the charges identified in Exhibit D.

8. Excerpts from the Declarations and By–Laws of Cashelmara Condominium Unit Homeowner's Association are attached as

Exhibit E. These Declarations and By-Laws were in effect at all times relevant and were filed and of record with the Recorder of Cuyahoga County at all times relevant."

These declarations and by-laws provide for the obligation of owners of condominium units to pay their proportionate share of common expenses and assessments.

"9. There is pending in the Court of Common Pleas of Cuyahoga County, Ohio, an action known as *Virginia First Savings Bank, F.S.B. v. George R. Lamb, et al.,* being case number 203373 therein, in which Cashelmara Condominiums and defendant George Lamb are defendants, and in which Cashelmara Condominiums has asserted a Cross-Claim against George Lamb for the charges identified in Stipulation 6 herein, together with the fees and expenses incurred in collecting them. Said Cross-Claim has been stayed by consent pending determination in this Court as to whether the claims alleged by Cashelmara Condominiums for said charges were discharged herein."

Debtor requests an order holding Cashelmara in contempt for violating his discharge by filing a collection action for certain post-petition condominium charges. Specifically, Cashelmara attempts to collect condominium maintenance charges, assessments, plus fees and expenses related to Debtor's post-petition, post-abandonment ownership of Unit 83. Debtor asserts his obligation for these charges is discharged pre-petition debt.

■ A discharge in bankruptcy absolves a debtor from personal liability on pre-petition debt, except as provided under Section 523. 11 U.S.C. §§ 727(b), 523. "Debt" under the Bankruptcy Code is defined as "liability on a claim." 11 U.S.C. § 101(12). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured ..." 11 U.S.C. § 101(5)(A). The terms "debt" and "claim" are coextensive and are intended to adopt the broadest definition of a claim. *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). Therefore, absent an applicable exception, any right to payment arising prior to the

bankruptcy constitutes pre-petition debt and is discharged. Section 524 of the Bankruptcy Code delineates the effect of discharge and operates to permanently enjoin any attempt to collect or recover a discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2). The issue for determination is whether Debtor's post-petition, post-abandonment condominium assessments are debts within the scope of a discharge.

■ The case law on this issue is inconsistent. One view holds that the obligation to pay post-petition condominium assessments is not pre-petition debt because a debtor does not become obligated to pay until the assessment is payable. See *River Place East Housing Corp. v. Rosenfeld,* 23 F.3d 833 (4th Cir.1994), *In re Gonzalo,* 169 B.R. 13 (Bankr.E.D.N.Y.1994), *In re Raymond,* 129 B.R. 354 (Bankr.S.D.N.Y.1991), *Horton v. Beaumont Place Homeowners Association, Inc.,* 87 B.R. 650 (Bankr.D.Colo.1987), *Alexandria Knolls West Condominium Home Council of Co-owners v. Strelsky,* 46 B.R. 178 (Bankr.E.D.Va.1985). Concerns regarding state condominium law and the status of the assessments as a covenant running with the land have been cited in support of this characterization. *Gonzalo, Raymond.* Other courts have focused on the plain meaning of the Code and a debtor's fresh start in concluding the post-petition assessments are pre-petition debt. See *In re Rosteck,* 899 F.2d 694 (7th Cir.1990), *Affeldt v. Westbrooke Condominium Association,* 164 B.R. 628 (Bankr.D.Minn.1994), *In re Wasp,* 137 B.R. 71 (Bankr.M.D.Fla.1992), *Behrens v. Woodhaven Association,* 87 B.R. 971 (Bankr. N.D.Ill.1988), *aff'd* 1989 WL 47409 (1989), *appeal dismissed,* 900 F.2d 97 (7th Cir.1990). Under this view, post-petition assessments and charges arise pursuant to a pre-petition contract. The contingent right to payment, therefore, exists upon execution of the contract and is a discharged debt. A third line of cases holds that a debtor may be discharged from this liability despite retaining post-petition ownership of the unit if debtor relinquishes possession or other incidents of ownership in clear and unequivocal terms. *In re Pratola,* 152 B.R. 874 (Bankr.D.N.J. 1993), *In re Miller,* 125 B.R. 441 (Bankr.

W.D.Pa.1991), *In re Ryan*, 100 B.R. 411 (Bankr.N.D.Ill.1989), *In re Montoya*, 95 B.R. 511 (Bankr.S.D.Ohio 1988).

Debtor's disputed obligation arises pursuant to Cashelmara Condominium's Declaration and By-laws. Condominium property ownership and the requisite enactment of a declaration and by-laws is governed by Chapter 5311 of the Ohio Revised Code. Ohio Rev.Code Ann. §§ 5311.01–5311.27 (Anderson 1989). Pursuant to Section 5311.-08, the by-laws shall provide, inter alia, for assessment and collection of a unit owner's respective share of common expenses. Section 5311.19 requires a unit owner's compliance with the declaration and by-laws and provides that violations thereof shall be grounds for an action for damages or injunctive relief. Section 5311.18 provides the condominium homeowner's association a lien on the interest of a unit owner for the payment of unpaid common expenses. The declaration and by-laws of a condominium homeowner's association are essentially contractual. See *Nottingdale Homeowner's Association, Inc. v. Darby*, 33 Ohio St.3d 32, 514 N.E.2d 702 (1987), *State, ex rel. Curd v. Backhaus*, 56 Ohio App.2d 79, 381 N.E.2d 646 (1977).

The debt which Cashelmara attempts to collect is contractual and arises pursuant to a pre-petition agreement, consisting of the declaration and by-laws. This contractual obligation to pay required assessments existed pre-petition, although the amounts were not assessed until after the bankruptcy filing and were contingent on Debtor's continued ownership and the levying of assessments. This contingent obligation for future assessments falls within the parameters of the Bankruptcy Code's broad definition of "debt" and "claim." *In re Rosteck*, 899 F.2d 694 (7th Cir.1990). Contingent claims of this type are included within the scope of discharged debts. Cashelmara's attempts to collect this discharged debt, therefore, violated the injunctive provisions of Section 524.

### CONCLUSION

Debtor's motion requests an order to show cause why Cashelmara should not be found in contempt of his discharge order.

Attempted collection of the disputed debt violated the injunctive provisions of that order set forth in Section 524 of the Bankruptcy Code. Cashelmara's actions with knowledge of the order constitute contempt. In addition, there is no legal or factual basis for Cashelmara's recovery of this discharged debt predicated on unjust enrichment or quantum meruit. Sanctions, however, are inappropriate and will not be imposed due to the substantial legal authority supporting Cashelmara's position.