**In re Warren E. DALTON, Debtor.**

**Bankruptcy No. 92–47086–H5–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

June 15, 1995.

R.BANKR.P. 7052. This Memorandum will be published.

James B. Eaton, Houston, TX, for debtor.

Walter A. Schroeder, Houston, TX, for St. Clair Condo Assoc.

## ORDER

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court is the Debtor's Motion to Discharge the Debt of St. Clair Condominium Association. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

Debtor filed this chapter 7 bankruptcy on August 19, 1992, and received his discharge on December 21, 1992. At that time, debtor owned and had been renting to a tenant a condominium at 1111 Bering Drive, Houston, Texas. The condominium was not scheduled as exempt property. The condominium is subject to the terms of its condominium declaration, as follows:

> *Condominium Declaration for the St. Clair*
>
> . . . .
>
> 16. *Common Expenses, Assessments*
>
> . . . .
>
> (b) . . . each unit owner shall pay . . . his proportionate share. . . .
>
> Such proportionate share . . . shall be in proportion to his ownership interest . . .

On October 19, 1993, The St. Clair Council of Co–Owners, Inc. obtained an order lifting the automatic stay "to exercise any rights with respect to the following property . . . [a property description of the condominium] including the filing of suit in state court to judicially foreclose Movant's lien against such property, and thereafter to obtain possession thereof which may be proper under law." St. Clair asserts that a lender with a superior lien foreclosed the condominium on December 29, 1993.

On December 12, 1994, the trustee's notice of assets was served on all creditors setting a deadline to file claims of March 12, 1995. On December 16, 1994, St. Clair obtained a summary judgment against debtor for the sum of $3,763.60 plus interest and costs of court and $1,500.00 in attorney's fees. Although requested in the state court petition, an order of foreclosure of the association's lien securing its unpaid maintenance fees was apparently denied by the county civil court at law. The judgment includes only maintenance fees arising on and after January 1993.

On February 15, 1995, this Court allowed debtor to amend his schedules to list St. Clair as a creditor. Now debtor seeks to discharge all obligations for maintenance assessment fees to St. Clair. The obligation to pay the maintenance fees arises from the deed conveying the condominium unit to

debtor and the condominium declaration filed in the real property records, which, St. Clair asserts, create a contractual obligation to pay on the part of debtor and a covenant running with the land.

To the extent the condominium declaration creates a covenant running with the land, the owner of the condominium is liable for the maintenance assessments incurred during his period of ownership. The Court concludes that debtor had no ownership interest in the condominium after the filing of his bankruptcy.

Upon the filing of the bankruptcy, equitable ownership of the condominium passed to the debtor's bankruptcy estate under 11 U.S.C. § 541 which is managed by the bankruptcy trustee. Under the terms of the condominium declaration debtor is only liable for maintenance fees in proportion to his ownership interest. As he held no ownership interest as of August 19, 1992, he was not liable for maintenance fees after that date. The judgment obtained by St. Clair improperly imposes personal liability on the debtor for maintenance fees incurred after he ceased to own the property.

Moreover, this Court's order lifting the automatic stay by its terms permitted St. Clair to pursue only the property and not the debtor's personal obligation for maintenance fees. As the state court judgment purports to obtain a personal judgment against the debtor, it is in violation of the automatic stay and hereby declared void.

To the extent the post-petition obligations stem from a prepetition contract of the debtor they were discharged by the discharge order entered December 21, 1982.[1] St. Clair had actual knowledge of this bankruptcy long prior to the bar date for filing claims and, therefore, was subject to discharge of its debt despite debtor's failure to originally schedule it as a creditor.

Based on the foregoing, it is

ORDERED that the debt of debtor to St. Clair Council of Co–Owners, Inc. is **DISCHARGED**.

1. St. Clair asserts that debtor's failure to raise discharge as a defense in state court results in a judgment that is res judicata as to debtor. However, under 11 U.S.C. § 524(a), a discharge is self-executing without regard to waiver. Consequently, debtor need not litigate discharge in the state court proceeding.