**In re Christopher N. ENO, Lisa J. Eno, Debtors.**

**Christopher N. Eno Lisa J. Eno, Plaintiffs,**

v.

**Indian Country Campsites Recreation and Maintenance Fund, Defendant.**

**Bankruptcy No. 5–93–01331. Adversary No. 5–00–00110A.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

June 29, 2001.

Vincent Rubino, Stroudsburg, PA, for plaintiffs/debtors.

Richard B. Henry, Bugaj and Henry, Honesdale, PA, for defendant.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

This matter has been brought to my attention through facts that have been stipulated by the parties. (Stipulation of Facts Doc. # 7A, Supplement to Stipulation of Facts Doc. # 11A. Page 2 to Exhibit A to Supplement filed separately as Doc. # 15A.) At issue is the often-discussed tension created by the possible bankruptcy discharge of an association's continuing property assessment.

Despite the bankruptcy of Christopher and Lisa Eno, Indian Country Campsites Recreation and Maintenance Fund ("ICC") has been invoicing the Enos for post-petition assessments. The Enos have neither used nor rented the property or the trailer which is upon the lot. They have indicated a willingness to convey the lot to the ICC, but such is not possible because of a mortgage on the premises.

The original deed in the chain of title includes a covenant subjecting each owner to an annual "lien and charge." Supplement to Joint Exhibit A, ¶ 17. The dues and charges assessed by the ICC are used to repair, maintain, and improve the amenities for the benefit of all property owners. Id.

While this is a dischargeability litigation, the fundamental question presented is whether post-petition property association assessments are barred by the bankruptcy filing of the debtors?

Courts reviewing this issue are quite evenly divided. About half of those courts find that those assessments accrue post-petition and, therefore, their collection is not barred. *River Place East Housing Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833 (4th Cir.1994) *cert. denied*, 513 U.S. 874, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994); *In re Rivera*, 256 B.R. 828 (Bkrtcy. M.D.Fla.2000); *In re Lozada*, 214 B.R. 558 (Bankr.E.D.Va.1997) *aff'd* 176 F.3d 475 (4th Cir.1999); *In re Whitten*, 192 B.R. 10 (Bankr.D.Mass.1996); *In re Gonzalo*, 169 B.R. 13 (Bankr.E.D.N.Y.1994); *Beeter v. Tri–City Property Management Services, Inc. (In re Beeter)*, 173 B.R. 108 (Bankr. W.D.Tex.1994); *In re O'Mara*, 141 B.R. 237 (Bankr.M.D.Fla.1992); *In re Raymond*, 129 B.R. 354 (Bankr.S.D.N.Y.1991); *Hill v. Windward Hills Condominium Ass'n (In re Hill)*, 100 B.R. 907 (Bankr. N.D.Ohio 1989); *In re Harvey*, 88 B.R. 860 (Bankr.N.D.Ill.1988); *In re Lenz*, 90 B.R. 458 (Bankr.D.Colo.1988); *In re Case*, 91 B.R. 102 (Bankr.D.Colo.1988); *Rink v. Timbers Homeowners Ass'n I, Inc. (In re Rink)*, 87 B.R. 653 (Bkrtcy.D.Colo.1987); *In re Horton*, 87 B.R. 650 (Bankr.D.Colo. 1987); *Alexandria Knolls West Condo-*

*minium Homes Council of Co-Owners v. Strelsky, (In re Strelsky)* 46 B.R. 178 (Bankr.E.D.Va.1985); *Stern v. Munroe (In re Stern)*, 44 B.R. 15 (Bankr.D.Mass.1984). The other half conclude otherwise and hold that all assessments are part and parcel of a pre-petition arrangement and therefore are discharged by the bankruptcy. *In re Rosteck*, 899 F.2d 694 (7th Cir.1990); *Westbrooke Patio Homes Ass'n, Inc. v. Goodrich*, 607 N.W.2d 455 (Minn.App. 2000); *In re Stone*, 243 B.R. 40 (Bkrtcy. W.D.Wis.1999); *In re Lamb*, 171 B.R. 52 (Bankr.N.D.Ohio 1994); *In re Garcia*, 168 B.R. 320 (Bankr.E.D.Mich.1993); *Matter of Wasp*, 137 B.R. 71 (Bankr.M.D.Fla. 1992); *In re Miller*, 125 B.R. 441 (Bankr. W.D.Pa.1991); *Cohen v. North Park Parkside Community Assoc. (In re Cohen)*, 122 B.R. 755 (Bankr.S.D.Cal.1991); *In re Elias*, 98 B.R. 332 (N.D.Ill.1989); *In re Turner*, 101 B.R. 751 (Bankr.D.Utah 1989); *In re Montoya*, 95 B.R. 511 (Bankr.S.D.Ohio 1988); *Behrens v. Woodhaven Assoc. (In re Behrens)*, 87 B.R. 971 (Bankr.N.D.Ill. 1988) *aff'd* 1989 WL 47409 (1989), *appeal dismissed*, 900 F.2d 97 (7th Cir.1990).

As if two "halves" were not sufficient, a few courts have endeavored to "split the baby" and have concluded that future collection efforts "depend" on post-petition circumstances, such as continuing occupation by the debtor. *Matter of Pratola*, 152 B.R. 874, 877 (Bankr.D.N.J.1993); *Alexandria at Hillsborough v. Cichowicz*, 262 N.J.Super. 65, 71, 619 A.2d 1047 (1992); *In re Ryan*, 100 B.R. 411, 416 (Bankr.N.D.Ill. 1989) [1]. In this opinion, I embrace all three categories.

Let me explain.

Those decisions concluding that post-petition assessments can be collected notwithstanding a bankruptcy discharge, pri-

marily rely on the fact that provisions for assessments belong to that amorphous legal interest known as covenants running with land and, as such, bind the owner of the land to its burden. *In re Affeldt*, 60 F.3d 1292 (8th Cir.1995) ("Thus the determinative factor in determining which line of cases to follow is whether the condominium declaration and corresponding documents are simply a contract or constitute a covenant running with the land.") *Id.* at 1296. Pennsylvania case law defines assessments provided in a declaration of restrictions and covenants recorded in Pennsylvania regarding Pennsylvania real estate. These cases categorize assessment fees as, indeed, covenants running with the land. *Birchwood Lakes Community Ass'n v. Comis*, 296 Pa.Super. 77, 442 A.2d 304, 307; *Wild Acres Lakes Property & Homeowners Ass'n v. Coroneos*, 690 A.2d 794 (Pa.Cmwlth.1997) (1982). It is logical, therefore, that the assessments would follow the ownership of the land, notwithstanding the occurrence of the bankruptcy.

Decisions concluding that the obligation to pay future assessments ceases with the discharge turn on the broad definitions attributed to debt to conclude, quite correctly, that the continuing obligation to pay assessments is discharged. *In re Rosteck*, 899 F.2d 694, 696 (7th Cir.1990). That the covenant to pay assessments can be enforced by personal suit is also consistent with Pennsylvania law. *Wrenfield Homeowners Association v. DeYoung*, 410 Pa.Super. 621, 600 A.2d 960 (1991).

Those cases alluding to the circumstance of continuing possession as a factor in determining the dischargeability of the obligation, appear to rely on equitable

---

**1.** One author has opined that the outcome is driven by the bankruptcy chapter chosen by the petitioner. Samuel Sherry, Condomini-

um Assessments in Bankruptcy: the Curious Case of the Vanishing Assessment, 29 CAWLR 345, 367 (1993).

grounds as a basis for their decisions—a sort of moral obligation based on the "use and occupation" of association services.[2]

The tension assumed to exist between these approaches may not, in fact, exist.

■ There has always been a great deal of uncertainty in discussing the concept of covenants running with land. In the first instance, it represents a personal contract between the grantor, covenantee, and the grantee, covenantor. Unlike most contracts, however, one may enforce the contract simply by virtue of being an owner of the land. Chester Smith, Real Property Survey, at 304 (1956). Like a mortgage, a covenant running with the land may bind the owner personally to pay a set fee for common expenses and maintenance *and* may provide for a lien in favor of the association as security for this continuing obligation. Moreover, most jurisdictions refer to covenants as interests in real property. 9 Powell on Real Property § 60.04[1] at 60–43. *In re Penn Cent. Transp. Co.*, 341 F.Supp. 815, 817 (E.D.Pa. 1972).

■ Under what circumstances the lien arises depends on the terms of the association's recorded declaration of covenants and restrictions, which bind all members. *Wrenfield Homeowners Association v. DeYoung*, 410 Pa.Super 621, 600 A.2d 960 (1991). The restrictions and covenants for Indian Country Campsites, Inc. specifically provide for "an annual lien and charge of $20.00 at time of purchase and $15.00 for each year thereafter to I.C.C. Maintenance and Recreation Fund ... it being understood that the charge for the said facilities in addition to constituting a lien against each owner and/or owners included in this agreement, shall constitute a debt which may be collected by Indian Country Campsites, Inc. or its designer [sic] and for the said amount of such lien." (Supplement to Joint Exhibit A, ¶ 17.) While there is ample support for the proposition that contingent debts, such as this one that depends on continued ownership, are dischargeable,[3] there is similarly much support for the proposition that liens pass through the estate unaffected by the bankruptcy.[4] I do not believe that it is material to this disposition that the "lien" of the post-petition covenant does not become fixed until after the bankruptcy, since the instrument which creates the lien is the pre-bankruptcy "restrictions and covenants" between those in privity with the parties, who are unknown until the periodic assessment becomes due.

■ In applying these legal determinations to the facts, I hold that the Debtors' personal obligations to pay the assessments may be dischargeable, subject to the exceptions found in 11 U.S.C. § 523. If this debt is included among those exceptions, the personal obligation to pay the assessment will survive. More specifically, my attention is directed to § 523(a)(16), which excepts from discharge any debt

> for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative

---

**2.** In 1994, Congress adopted this equitable approach with specific regard to condominium units and housing cooperatives by adding § 523(a)(16) to the discharge exceptions.

**3.** 11 U.S.C. § 727(b) references the scope of the discharge as affecting all debts, which, in turn, are defined broadly in § 101 as including contingent claims. See also, *In re Thrall*, 196 B.R. 959, 965 (Bankr.D.Colo.1996) citing to legislative history.

**4.** *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773 778, 116 L.Ed.2d 903 (1992); *Estate of Roger Lellock v. Prudential Ins. Co.*, 811 F.2d 186, 189 (3rd Cir.1987).

housing corporation, but *only* if such fee or assessment is payable for a period during which—

(A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or

(B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period,

but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case; (Emphasis mine.)

11 U.S.C. § 523

Whether or not Indian Country Campsites qualifies as a condominium or a cooperative is not controlling since the Debtors herein did not occupy nor rent the camp lot rendering the exception inapplicable to these facts.[5] Thus, I find the Debtors' personal obligation to ICC is dischargeable.

■■ Notwithstanding the dischargeability of the assessment fee, I further hold that the annual assessment is a covenant running with the land, and, as such, constitutes a continuing lien upon the premises that can be enforced in the same manner as mortgages are foreclosed. *In re Vary,* 2000 WL 1639567 (Bankr.M.D.Pa.) *citing* 53 Pa.C.S.A. § 5315(a). This determination has been recognized in this country's early years as a viable disposition regarding the confluence of a personal obligation and an "estoppel" running with the land. *Bush v. Person,* 59 U.S. (18 How.) 82, 15 L.Ed. 273 (1855). That the lien should not be extinguished by the bankruptcy filing is consistent with the American Law Institute's Restatement (Third) of Property, Servitudes. Restatement (Third) of Property (Servitudes) § 7.9(2) (1998). While not distinguishing between the personal obligation and the covenant running with land, the Restatement clearly favors the continuation of the obligation notwithstanding the bankruptcy. "No servitude [defined by § 1.1 as including covenants running with the land], other than a covenant to pay money that is not imposed as part of a general plan of development, conservation servitude, or easement arrangement, is extinguishable in a bankruptcy proceeding, unless otherwise required by statute." *Id.*

This conclusion is not unlike the holding in the case of *In re Dalton,* 183 B.R. 127 (Bankr.S.D.Tex.1995), which stated that "[t]o the extent the condominium declaration creates a covenant running with the land, the *owner* of the condominium is liable for the maintenance assessments incurred during his period of ownership." Despite such assertion, the Dalton court affirmed that "[t]o the extent the post-petition obligations stem from a prepetition contract of the debtor they were discharged by the discharge order ..." *Id.* at 129.

This ruling recognizes the primacy of Pennsylvania's view as to property interests while continuing to further the significant bankruptcy goal of enabling the debtor to obtain a fresh start. Such conclusion is also consistent with the rather limited exceptions to discharge in this area now included in § 523(a)(16) of the Code.

An Order will follow.

---

**5.** I note that the bills now pending before Congress would amend § 523(a)(16) to specifically eliminate the reference to "housing" when referring to cooperatives and to specifically include lots in homeowners associations. H.R. 333 and S.420.

## ORDER

For the reasons set forth in the attached Opinion, **IT IS HEREBY**

**ORDERED** that judgment is entered in favor of the Plaintiffs and against the Defendant.