[Cite as *State v. White*, 2014-Ohio-5040.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101835**

**STATE OF OHIO**

RESPONDENT

vs.

**CHARLES WHITE**

RELATOR

**JUDGMENT:**
WRIT DENIED

Writ of Procedendo
Motion No. 478527
Order No. 479721

**RELEASE DATE:**    November 12, 2014

**RELATOR**

Charles White, pro se
No. 520-252
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} On August 22, 2014, the relator, Charles White, commenced this procedendo action to compel the trial court in the underlying case, *State v. White*, Cuyahoga C. P. No. CR-06-480079-A, to proceed to judgment to effect this court's ruling in *State v. White*, 8th Dist. Cuyahoga No. 88491, 2007-Ohio-3080, and/or to compel his appointed counsel to file a "motion for relief" in the underlying case to effect this court's judgment. On September 18, 2014, the Cuyahoga county prosecutor on behalf of the respondent moved for summary judgment on the grounds of mootness and procedural defects. White never filed a response. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of procedendo.

{¶2} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992).

{¶3} In the underlying case, a jury found White guilty of four counts of aggravated robbery with one- and three-year firearm specifications, and four counts of kidnapping with one- and three-year firearm specifications. The trial court found him guilty of having weapons while

under disability.[1] The trial judge imposed a thirteen year sentence: three years on the firearm specifications, consecutive to ten years for each of the robbery convictions that would run concurrent to each other and seven years on each of the kidnapping convictions that would run concurrent to each other and to the sentences for robbery.

{¶4}    On appeal, this court affirmed White's convictions, but ruled that the kidnapping and robbery charges were allied offenses.   Instead of remanding the case for resentencing, this court, pursuant to R.C. 2953.08(G)(2), vacated the kidnapping convictions and sentences.   It then remanded the case to the trial court, not for resentencing, but for a corrected journal entry reflecting the vacating of the kidnapping convictions and sentences.

{¶5}    On remand on August 7, 2007, the trial court issued two journal entries.   The first stated that upon remand, the court issues a corrected journal entry vacating the kidnapping convictions and sentences only.   The second was a full sentencing entry that repeated the convictions and sentences for the aggravated robbery charges and then stated that the jury verdict for kidnapping charges is vacated.   The judge also repeated that he found White guilty of having weapons while under disability and sentenced him to seven years and ten months for that charge.   In a September 11, 2007 nunc pro tunc entry, the court corrected the previous entry by noting that White's sentence for the weapons charge is ten months and not seven years and ten months as indicated by the August 7, 2007 journal entry.

---

[1] The evidence showed that White, with an accomplice, entered a beauty salon and at gunpoint forced everyone in the salon to the back of the store and then robbed them of their valuables.   The entire incident took only a few minutes.   Several of the people in the salon identified White as one of the robbers. The trial judge sentenced White to ten months on the weapons charge, concurrent to the sentences for kidnapping and robbery.

{¶6} Accordingly, White's procedendo claim for a resentencing is meritless. This court did not remand for a new sentencing, but only for a corrected journal entry to show the action taken on appeal. The trial court fulfilled this task, and there is nothing more to do. Also, to the extent that White sought to have this court compel his attorney to file a motion for relief, procedendo is the wrong remedy. Procedendo may not compel an attorney's actions. *State ex rel. Curd v. Backhaus,* 56 Ohio App.2d 79, 381 N.E.2d 696 (8th Dist.1977).

{¶7} The court further notes that White used the caption, *State of Ohio v. Charles White*, from the underlying case. This is the wrong caption. This failure to properly caption an extraordinary writ action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813.

{¶8} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of procedendo. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Writ denied.

---

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR