In re Harold Huntly HERSCH, Debtor.

Bankruptcy No. 84–01011–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 12, 1988.

Roy B. Zimmerman, Alexandria, Va., Trustee.

Stephen S. Mitchell, McKinley, Schmidtlein & Mitchell, Alexandria, Va., for the Trustee.

Martin L. Cross, Manassas, Va., for Independent Bank.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr.,
Chief Judge.

This matter comes before the Court on the Trustee's objection to a claim for $44,-361.47 filed by Independent Bank ("Independent") against the bankruptcy estate of H. Huntly Hersch ("Hersch"), the debtor in these proceedings. Hersch filed his voluntary petition in this Court under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) on July 31, 1984, and received his discharge on January 10, 1985. Independent's claim arises out of a promissory note for $41,785.64 executed by Hersch on February 15, 1984. The Trustee objects to Independent's proof of claim, contending that Independent has not properly credited payments it received against the balance due from Hersch and, therefore, the proof of claim is incorrect. This Court is called upon to determine the correct amount of Independent's claim.

The facts are not in dispute. The debtor's step-mother, Nancy Lee Hersch, agreed to pledge a one-acre parcel of real estate belonging to her as collateral for a $15,000.00 loan to be made by Independent to her step-son, the debtor. To that end, on January 25, 1983, she executed a first deed of trust to secure the repayment of the promissory note for $15,000.00, due one year from date, with interest payable quarterly. On that same day, the debtor executed the $15,000.00 promissory note payable to the order of Independent. The deed of trust was properly recorded. Although Nancy Lee Hersch pledged her property as collateral for the debtor's obligation, she had no personal liability on the debt. She did not sign the $15,000.00 promissory note or a separate guaranty agreement in any capacity, whether as maker, endorser, surety, or guarantor. She pledged her property as collateral for the debtor's obligation, not an obligation of her own.

On February 15, 1984, the debtor executed a 180–day promissory note in the amount of $41,785.64, plus interest at 12.5%, payable to the order of Independent Bank. The note recited that its purpose was to consolidate all existing notes the debtor owed Independent. It further recited that it was secured by a first deed of trust on one acre, 50 head of mixed breed pigs, a Butler grain bin, a 1978 Oldsmobile station wagon, a 1978 GMC pickup, and a 1980 BMW motorcycle. The "one acre"

referred to in the consolidated note was the same property that secured the debtor's $15,000.00 note of January 25, 1983, which obligation was included in the consolidated note. Nancy Lee Hersch was neither primarily nor secondarily a party to the consolidated note.

On July 31, 1984, the date of the debtor's petition, the balance due on the $41,785.64 note of February 15, 1984, as calculated by Independent, was $44,361.47, for which amount Independent filed a proof of claim. Subsequent to this, Independent proceeded against the collateral securing the consolidated note. The net proceeds from sales of the Oldsmobile, GMC and BMW totalled $1,550.67. The debtor had no pigs remaining when he filed his petition. Having abandoned the Butler grain bin to the debtor, Independent's only other security was the one-acre parcel pledged by Nancy Lee Hersch. Rather than foreclose on the deed of trust, Independent accepted $16,898.00 from Mrs. Hersch on August 28, 1985 in full satisfaction of its right to proceed against her property, releasing the deed of trust.

Independent has taken the position, to which the Trustee objects, that only $10,158.00 of the Nancy Lee Hersch payment should be credited against its proof of claim: the balance ($6,740.00) the Bank has applied to post-petition interest and attorney's fees. Independent contends that debtor's petition does not relieve Nancy Lee Hersch's property from liability for post-petition interest and attorney's fees and, therefore, her payment in release of such liability may first be applied to these charges before crediting the debtor's obligation with the balance. To the contrary, the Trustee contends that Independent is not entitled to post-petition interest and attorney's fees and, therefore, the entire $16,898.00 payment from Mrs. Hersch should be credited against Independent's proof of claim.

Independent fundamentally misapprehends the nature of Nancy Lee Hersch's commitment. She did not personally guarantee repayment of any indebtedness: she pledged her property for the sole purpose of securing the $15,000.00 loan made to the debtor. Assuming, without deciding, that this pledge transferred to the consolidated note, nevertheless, at no time did Nancy Lee Hersch become personally obligated to the bank. Thus, we find inapposite the authority cited by Independent to support a guarantor's liability for post-petition interest and attorneys fees on an under-secured obligation. Only the debtor was indebted to Independent. Thus, Independent would be entitled to receive post-petition interest and attorney's fees only if the debtor is obligated to pay these sums.

Independent concedes its claim against the debtor is undersecured. Considering Sections 502(b)(2) and 506(b)[1] of the Bankruptcy Code together, clearly Independent is not entitled to post-petition interest and attorney's fees upon its claim. Since the underlying obligation is the debtor's alone, neither is Independent entitled to its claimed charges from any other source. The collateral for the debt is security, but the collateral itself does not assume a liability for which no other person can be charged. Independent cites no authority for this Court to conclude otherwise.

For the above stated reasons, we find the Trustee's objection to Independent's proof

---

1. Section 502 of the Bankruptcy Code provides in pertinent part as follows:

*Allowance of claims or interests*

\* \* \* \* \* \*

(b) ... if ... objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

\* \* \* \* \* \*

(2) such claim is for unmatured interest.

11 U.S.C. § 502(b)(2). This rule is qualified by section 506(b), which provides:

*506. Determination of secured status.*

\* \* \* \* \* \*

(b) To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b).

of claim to be well taken. The chapter 7 estate is entitled to full credit from Nancy Lee Hersch's payment of $16,898.00 against Independent's proof of claim. The claim must be further reduced by $1,550.67, the net proceeds from the liquidation of the other collateral, leaving a balance of $26,112.80 as an allowed claim.

An appropriate order shall enter.