**In re Barbara A. SMITH, Debtor.**

**Bankruptcy No. 95–1–7845–DK.**

United States Bankruptcy Court, D. Maryland.

March 11, 1997.

M. Peter Nelson, Riverdale, MD, for Debtor.

William F.X. Becker, Rockville, MD, for Movant.

Thomas L. Lackey, Bowie, MD, Chapter 13 Trustee.

## MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

Beacon Place Community Association, Inc. ("Creditor") has filed a Proof of Claim in this Chapter 13 case asserting a claim in the amount of $2,777.32, and has asserted a priority for said claim pursuant to 11 U.S.C. § 507(a)(6). Debtor has objected to the allowance of the claim, as to the assertion of a priority status for said claim, and as to the inclusion of some of the attorney's fees which comprise $1,652.32 of the amount of the claim.

█ As to debtor's objection to the assertion of priority status for said claim, it appears that the nature of Creditor's claim in no way meets the criteria for priority under 11 U.S.C. § 507(a)(6). That section provides as follows:

> (a) The following expenses and claims have priority in the following order:
>
> *   *   *   *   *   *
>
> (6) Sixth, allowed unsecured claims of individuals, to the extent of $1,800 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(6). Creditor's claim is for homeowner association assessments under recorded covenants encumbering debtor's home. Although Creditor did not file a response to the objection to claim made by the debtor, in argument in support of Creditor's separate objection to confirmation of debtor's Chapter 13 plan, the Creditor asserted that it was entitled to a priority for its claim because it had been frustrated in pre-petition attempts to obtain a lien upon debtor's property to secure unpaid pre-petition assessments.[1] It is clear, however, that frustration

---

1. Creditor also raised this same argument in support of a motion in which Creditor requested relief from the automatic stay to perfect liens and thereby secure both pre- and post-petition unpaid association assessments. The court granted re-

is not a foundation to allege a priority for a claim under 11 U.S.C. § 507(a)(6). Thus, the first part of debtor's objection to Creditor's claim shall be granted and any claim allowed shall be allowed solely as a general unsecured claim and not as a priority claim.

As to debtor's objection to the amount of attorney's fees includable in Creditor's claim, it appears that the majority of the attorney's fees included in the proof of claim cannot be allowed as a claim in this bankruptcy case, albeit for reasons different than those espoused by the objecting debtor.

■ In this case the disputed claim was filed by a homeowner association as a creditor. The Bankruptcy Code defines the term "creditor" as an:

> entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor....

11 U.S.C. § 101(10)(A). Pursuant to 11 U.S.C. § 502, upon objection by a party in interest, the court is required to determine the amount of the claim "as of the date of the filing of the petition, and shall allow such claim in lawful currency of the United States in such amount...." 11 U.S.C. § 502(b). Therefore the court must first determine what the allowable claim of the homeowner's association was as of the petition date, and whether or not additional attorney's fees incurred after the petition date can, in effect, be added to that claim.

■ The amount of the allowable pre-petition claim is determined in accordance with any pre-petition agreement or contract between a debtor and creditor and applicable state law. Thus, where a pre-petition contract is the basis for a claim and contains an agreement between the parties which obligates the debtor to pay the creditor's attorney's fees reasonably incurred under the terms of such contract, such fees for *pre-petition* services are includable as a part of the allowed claim in a Chapter 13 case. *In re Sakowitz, Inc.,* 110 B.R. 268, 270 (Bankr. S.D.Tex.1989).

In this case, the Creditor, prior to the filing of debtor's bankruptcy petition, engaged counsel to attempt to collect or obtain lief from the stay to allow actions to be taken in

a lien for unpaid homeowner association assessments which arose and were unpaid prior to the petition in bankruptcy. Those reasonable services performed by counsel for the Creditor before the petition date should and will be allowed as a part of the Creditor's claim in this case. A review of the time sheet entries attached to the proof of claim reveals that 0.4 hours were spent by the attorney in this regard at a rate of $165.00 per hour, with an additional $2.32 incurred in expenses. These amounts shall be included as part of the allowed general unsecured claim of the Creditor.

■ Generally, attorney's fees for representation of an unsecured creditor incurred subsequent to the filing of the bankruptcy petition are not allowable as a part of the claim in the bankruptcy case. *In re Saunders,* 130 B.R. 208, 214 (Bankr.W.D.Va.1991); *In re Southeast Banking Corp.,* 188 B.R. 452, 462–63 (Bankr.S.D.Fla.1995). Thus, the time for counsel's efforts, made after the filing of debtor's petition in bankruptcy, to oppose confirmation and otherwise assert purported rights in the bankruptcy case as to Creditor's pre-petition claim, cannot be included and shall not be allowed as a part of Creditor's claim in the bankruptcy. The preponderance of the remaining time entries of counsel for the Creditor fall within this category.

■ 11 U.S.C. § 506(b) demonstrates that Congress intended this result. Reasonable attorney's fees incurred post-petition will be allowed as a claim against collateral, where the creditor is a fully secured creditor holding a lien upon collateral which has sufficient value to secure not only pre-petition debt, but interest and fees as well (where the creditor is entitled to such under State law). Just as an undersecured creditor cannot include attorney's fees incurred in the representation of the creditor in the bankruptcy case as a part of such creditor's claim, *See In re Hersch,* 84 B.R. 430, 431 (Bankr.E.D.Va. 1988), the unsecured creditor also has no basis to include in its claim these post-petition charges. *In re Saunders,* 130 B.R. at 214; *In re Sakowitz, Inc.,* 110 B.R. at 275. regard to post-petition charges only.

11 U.S.C. § 1328 provides that upon completion of the plan, the debtor shall be granted a discharge of all claims dealt with by the plan and disallowed pursuant to 11 U.S.C. § 502. The attorney's fees incurred by Creditor for representation in the bankruptcy case *related to the pre-petition claim* of Creditor are part of the debt which will be discharged upon entry of a discharge order in this Chapter 13 case. *See In re Silansky,* 897 F.2d 743 (4th Cir.1990).

Attorney's fees, if any, incurred by Creditor with regard to a failure by the debtor to perform *post-petition obligations* which exist between Creditor and debtor, will not be discharged by the entry of such discharge. The unpaid association charges arising after the date of the petition are post-petition obligations of the debtor which will not be discharged. *In re Rosenfeld,* 23 F.3d 833, 837 (4th Cir.1994). Attorney's fees solely related to such post-petition obligations are a part of such post-petition obligations and may be enforced against the debtor and/or debtor's premises as a part of Creditor's state law remedies for such post-petition debts. This court observes, however, that the motion for relief from stay in this case was filed by counsel for the Creditor for the express purpose of gaining permission to obtain lien rights for pre-petition debts. Therefore attorney's fees for bringing that motion do not appear to fall within the category of post-petition charges that will survive a discharge granted in this case.

For these reasons, an Order shall be entered (1) denying priority under 11 U.S.C. § 507(a) as to any part of Creditor's claim, (2) allowing Creditor's claim in the amount of $1125.00 for pre-petition unpaid association assessments plus $68.32 in attorney's fees and expenses incurred pre-petition, and (3) denying allowance of Creditor's claim as to all other amounts set forth in the proof of claim filed by Creditor.