Present:  Carrico, C.J., Compton, Stephenson, Whiting,* Lacy,
Hassell and Keenan, JJ.

RIVER PLACE NORTH HOUSING
CORPORATION
                              OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 941963                   September 15, 1995

AMERICAN LANDMARK EQUITY CORP.


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      William T. Newman, Jr., Judge


     In this case, we are dealing with a cooperative, a multi-

dwelling complex.  Under the Virginia Real Estate Cooperative

Act, Code §§ 55-424 through -506, a "cooperative" is "real estate

owned by an association, each of the members of which is

entitled, by virtue of his ownership interest in the association,

to exclusive possession of a unit."  Code § 55-426.  A

"cooperative interest" is "an ownership interest in the

association coupled with a possessory interest in a unit under a

proprietary lease."  Id.  A "proprietary lease" is "an agreement

with the association pursuant to which a proprietary lessee has a

possessory interest in a unit."  Id.

     The sole question in this appeal is whether the trial court

correctly ruled that a cooperative housing association was not

permitted to obtain a personal money judgment against a purchaser

at foreclosure for assessments of cooperative fees unpaid by the

owners of proprietary leases, which were the subject of the

foreclosure.

---

     *Justice Whiting participated in the hearing and decision of
this case prior to the effective date of his retirement on
August 12, 1995.

The facts are undisputed. Appellant River Place North Housing Corporation, the plaintiff below, is the cooperative association for the River Place North housing cooperative, situated in Arlington County. Abbas Ghassemi and Shawna L. Butler were the proprietary lessees of two River Place North cooperative units.

In 1991, Ghassemi and Butler were delinquent in their mortgage and cooperative fee payments. The cooperative fees arose from assessments made upon the proprietary lessees to pay, inter alia, expenses of the common elements of the cooperative. See Code § 55-471. The mortgage lender, Monument Associates, foreclosed its first deeds of trust on the units. Appellee American Landmark Equity Corporation, the defendant below, purchased the properties at foreclosure for $120,000 each in April 1991, and received trustee's deeds of assignment of proprietary leases. Each "Memorandum of Sale" described the "property" as the proprietary lease to the unit together with the lessee's shares of the capital stock of the plaintiff corporation.

In May 1993, the plaintiff filed the present action against the defendant seeking a judgment to recover assessments on the two units in the sums of $6,289 and $5,963.03 respectively, which represented the delinquencies at the time defendant became the proprietary lessee of the units. After completion of the plaintiff's evidence during a bench trial, the trial court

granted the defendant's motion to strike the plaintiff's evidence, ruling "that there is no personal liability of the Defendant for the debt claimed by the Plaintiff."  The court did not address a statute of frauds defense raised by defendant.  We awarded the plaintiff an appeal from the trial court's August 1994 order entering judgment for the defendant.

On appeal, plaintiff contends the trial court erred in ruling that it could not obtain a personal money judgment against the defendant for the former proprietary lessees' unpaid assessments.  The plaintiff says the "foundation" of its motion for judgment is Section 7.3 of its bylaws.  The section provides that the "new Proprietary Lessee of an Apartment shall be jointly and severally liable with the former Proprietary Lessee thereof for all unpaid assessments against that Proprietary Lessee or his shares which became due before the new Proprietary Lessee acquired ownership thereof."

Plaintiff also relies on Sections 12.1 and 12.2 of the bylaws.  The latter section provides that every assessment becomes a lien against the lessee's shares, "effective as of the date such assessment is made."  The section also provides that the lien "shall be prior to all liens and encumbrances recorded after the effective date thereof except for any Mortgage," defined in the relevant documents as a first deed of trust on a proprietary lease.  The former section, in subsections (c) and (f), provides that the remedies set forth in the bylaws are

cumulative and are not subject to preclusion by election of remedies.

Plaintiff argues the trial court "concluded that the back assessments operated as liens on the property but did not create a cause of action for a money judgment" against defendant. Plaintiff contends the trial court erroneously ruled that its sole cause of action is one to enforce the liens, not one for a personal money judgment, and that this ruling deprives it of the cumulative remedies afforded by the bylaws and the Virginia Real Estate Cooperative Act (the Act). We disagree.

The applicable provisions of the bylaws and the Act simply do not address foreclosure by a mortgage lender, and the liability of the foreclosure purchaser for assessments unpaid by the former owners of the proprietary leases foreclosed upon. Foreclosure is not mentioned in bylaw Section 7.3 entitled "<u>Liability for Assessments</u>," the "foundation" of plaintiff's claim; in plain language, the section contemplates only a transfer of a proprietary lease by a means other than foreclosure by a mortgage lender. Bylaw Section 12.1 mentions foreclosure in subsection (f) labelled "<u>Legal Proceedings</u>," but speaks only to foreclosure of the lien for assessments. Bylaw Section 12.2 entitled "<u>Lien for Assessments</u>," does not mention foreclosure by a mortgage lender.

Code § 55-472 of the Act, relied upon by the plaintiff, deals with remedies for nonpayment of assessments. But the

statute does not address foreclosure by a mortgage lender, and recovery of unpaid assessments through a personal judgment against the foreclosure purchaser.

Moreover, the evidence fails to establish that the defendant agreed to be liable personally for unpaid assessments of the prior lessees. Each "Memorandum of Sale," over a space for a "Purchaser" to sign, provides: "I further acknowledge that this purchase is subject to the terms and conditions of the attached Notice of Trustee's Sale and the attached Announcements." But neither memorandum is signed by an individual purporting to represent defendant; handwritten on the "Purchaser" line merely is "American Landmark Equity Corp." Thus, even if plaintiff is correct that somehow the "subject to" language in the memoranda would impose personal liability upon a foreclosure purchaser who signed them, there is no evidence in the record that a person authorized to bind defendant signed either memorandum promising or agreeing to pay the debt.

Finally, plaintiff relies upon In re Rosenfeld, 23 F.3d 833 (4th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 200 (1994), a case applying the Act but a case that is inapposite. There the issue was "whether a discharge in bankruptcy relieves a debtor from personal liability for post-petition assessments of cooperative housing dues." Id. at 835. Unlike the present litigation, that case involved a cooperative's efforts to recover delinquent assessments directly from the owner who incurred the

- 5 -

debt, not from a subsequent foreclosure purchaser.

Consequently, we hold that the trial court correctly ruled the plaintiff was not entitled to a personal money judgment for the delinquent assessments in issue against the defendant under these circumstances.  Thus, the judgment in favor of the defendant will be

<u>Affirmed</u>.