**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: REYNALDO LOZADA; JEANNETTE
LOZADA,
<u>Debtors.</u>

REYNALDO LOZADA; JEANNETTE
LOZADA,                                                    No. 98-1606
<u>Plaintiffs-Appellants,</u>

v.

OLD BRIDGE ESTATES COMMUNITY
ASSOCIATION, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-2077-A, BK-95-13599, AP-97-1184)

Argued: January 25, 1999

Decided: April 7, 1999

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joel Steinberg, JOEL STEINBERG & ASSOCIATES, P.C., Fairfax, Virginia, for Appellants. James Van Ingold, CHAD-WICK, WASHINGTON, OLTERS, MORIARTY & LYNN, P.C., Fairfax, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After a Chapter 7 bankruptcy, the debtors sought discharge of post petition homeowners association fees and assessments that had occurred after the debtors had vacated the subject residence property. It was located in Virginia. The landlord sought $581.57 in home-owner association fees and assessments which the bankruptcy court did not discharge under 11 U.S.C. § 523(a)(16) reasoning that while in many ways similar, a community association (homeowner's associ-ation) fee still differed somewhat from a condominium or cooperative association fee.

The applicable statute, § 523(a)(16) allows a discharge for a condo-minium fee or for a share of the cooperative housing corporation unless the debtor continues physically to occupy the condominium or cooperative project or unless the debtor rented the dwelling unit.

Neither of those exceptions apply in the present case thus increas-ing the similarity of the homeowner's association here involved. It did not, however, lead the district judge to grant the discharge sought for the homeowner's fees and assessments. Similarity is not identity. Congress referred to "similar membership associations" as the word-ing of § 523(a)(16) was discussed. See 140 Cong. Rec. H10764, 14650. But those words were not included in § 523(a)(16) itself. The

2

absence of ambiguity in the statutory language was clear and so was its meaning. See, e.g., Pennsylvania Dep't of Public Welfare v. Davenport, 495 U.S. 552, 557-58 (1990) (under the Bankruptcy Code, the court must begin with language of the statute itself); Patterson v. Shumante, 504 U.S. 753, 757, 761 (1992) (plain language of the Code is determinative; turn to legislative history only when statute is ambiguous).

We consequently apply the language as unambiguously appearing in the statute, agreeing that discharge of the homeowner's association fees and assessments should not be granted. This case is governed by our decision in River Place East Housing Corp. v. Rosenfeld, 23 F.3d 833 (4th Cir. 1994). While Rosenfeld was superseded as it applied to condominium and cooperative housing association fees, § 523(a)(16) did not affect Rosenfeld's treatment of other homeowner's association fees.

AFFIRMED

3