WESTBROOKE PATIO HOMES
ASSOCIATION, INC.,
Respondent,

v.

Martha A. GOODRICH,
et al., Appellants.

No. C9–99–897.

Court of Appeals of Minnesota.

March 21, 2000.

David G. Hellmuth, Blake R. Nelson, Hellmuth & Johnson, P.A., Eden Prairie, MN (for respondent).

Daniel W. Stauner, Crystal, MN (for appellants).

Considered and decided by SCHUMACHER, Presiding Judge, PETERSON, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant, the owner of a townhouse, filed for Chapter 7 bankruptcy, received a discharge, and paid no further townhouse assessments. Respondent townhouse association filed this action to foreclose a lien on appellant's townhouse and moved for summary judgment. After the parties had stipulated to the amount due, summary judgment was entered for respondent. Appellant challenges the judgment.

## FACTS

Respondent Westbrooke Patio Homes Association, a nonprofit corporation formed to administer a townhouse development, filed a declaration stating:

> [T]he Declarant declares that the real estate described [herein] is and shall be held, transferred, conveyed, sold, leased and occupied, subject to the covenants, conditions, restrictions, easements, charges and liens hereinafter set forth, which are for the purpose of protecting the value, desirability and attractiveness of the Property, and which shall run with the Property and be binding upon all parties having any right, title or interest in the Property, their heirs, successors and assigns * * *.

Appellant Martha Goodrich acquired an ownership interest in a townhouse and was a resident. In 1992, she stopped paying her assessments; in 1996 she filed for bankruptcy and was granted a discharge. In 1998, respondent sought to foreclose a lien on appellant's property for the unpaid assessments. Respondent was granted summary judgment as to the postpetition fees.

The parties stipulated that the amount due was $16,103, $9,387 in post-bankruptcy assessments and $6,716 in costs and disbursements, including attorney fees.[1]

## ISSUE

Did appellant's bankruptcy discharge her obligation to pay postpetition townhouse assessments?

## ANALYSIS

■ On an appeal from summary judgment, this court asks whether there is any genuine issue of material fact and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). In this case, neither party asserts the existence of a genuine issue of material fact; the only issues are questions of law. The application of law to stipulated facts is a question of law, which this court reviews de novo. *Morton Bldgs., Inc. v. Commissioner of Revenue,* 488 N.W.2d 254, 257 (Minn.1992).

■ Case law is divided as to whether postpetition assessments are discharged in bankruptcy. The eighth circuit has declined to follow any of the existing case law. *See In re Affeldt,* 60 F.3d 1292 (8th Cir.1995) (applying Minnesota law). *Affeldt* contrasts two approaches to the issue. The first is demonstrated by *In re Rosenfeld,* 23 F.3d 833 (4th Cir.1994), the second by *Matter of Rosteck,* 899 F.2d 694 (7th Cir.1990).

One line holds that the debtor's liability for condominium assessments is non-dischargeable, arising from a covenant running with the land. The *Rosenfeld* line of cases determines that condominium assessments accrue postpetition be-cause the debtor owns the property postpetition. The determinative factor under this analysis is that the condominium declaration constitutes a covenant running with the land. * * * Since the condominium declaration is a covenant running with the land, these cases hold that the condominium assessments do not accrue until they are assessed. Consequently, any postpetition assessments cannot be discharged by a bankruptcy court.

The second line holds that the debtor's liability for the assessments is dischargeable, arising from a prepetition contractual obligation. * * * The *Rosteck* line of cases determines that postpetition condominium assessments accrue prepetition because the debtor's ownership of the condominium prepetition initially establishes his liability for future condominium assessments, although the liability is contingent and unliquidated. These cases hold that the condominium declaration is a contract entered into when the debtor purchased the condominium. The purchase of the condominium obligates the debtor to pay any assessments levied in the future. This obligation to pay is uncertain, depending upon the debtor's continued ownership of the land and whether the condominium association levies assessments. However, the assessments still accrue prepetition because the definition of debt under the Bankruptcy Code includes unliquidated, contingent and unmatured debts.

Thus the determinative factor in determining which line of cases to follow is whether the condominium declaration and corresponding documents are sim-

---

1. The property has since been sold at a sheriff's sale. Appellant, after notification that an eviction would follow, redeemed the property. Respondent moved to have this appeal dismissed as moot, arguing that appellant voluntarily paid the amount of the judgment. *See Bartel v. New Haven Township,* 323 N.W.2d 806, 809–10 (Minn.1982) (holding that a defendant who did not reserve appeal rights cannot appeal from a judgment of liability after voluntarily paying the amount of the verdict, receiving a satisfaction, and filing the satisfaction with the court). But paying a judgment in response to a creditor's collection effort does not waive the right to appeal. *See Reardon Office Equip. v. Nelson,* 409 N.W.2d 222, 224 (Minn.App.1987). We deny respondent's motion for dismissal.

ply a contract or constitute a covenant running with the land.

*Affeldt,* 60 F.3d at 1295–96 (citations omitted). Here, the condominium declaration clearly constitutes a covenant running with the land. It "declares that the real estate described [herein] is and shall be held, transferred, conveyed, sold, leased and occupied, subject to the covenants * * * hereinafter set forth, * * * which shall run with the Property * * *." Therefore, pursuant to *Affeldt* and *Rosenfeld,* appellant's postpetition assessments are not dischargeable.

Appellant argues that neither the *Rosenfeld* nor the *Rosteck* lines of cases is relevant because Congress preempted both with a 1994 amendment to the Bankruptcy Code, 11 U.S.C. § 523(a)(16). The amendment provides an exception to discharge

> for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which—
>
> (A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or
>
> (B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period.

The Bankruptcy code does not define "condominium ownership."

Appellant argues that because 11 U.S.C. § 523(a)(16) does not mention townhouses, it does not apply to townhouses, and because it preempts case law holding that postpetition assessment fees are not dischargeable, such fees are dischargeable. Neither argument is persuasive.

Appellant's first argument is, in essence, "expressio unius est exclusio alterius," a canon of legal construction meaning that the expression of one thing is the exclusion of another. But the legislative statement published as part of the Bankruptcy code states that:

> The [1994] Amendment adds subsection (a)(16), to except from discharge those fees that become due to condominiums, cooperatives, *or similar membership associations* after the filing of a petition, but only to the extent that the fee is payable for time during which the debtor either lived in or received rent for the condominium or cooperative unit.

*In re Lozada,* 214 B.R. 558, 561 (Bankr. E.D.Va.1997) (quotation omitted), *aff'd* 176 F.3d 475, 1999 WL 190279 (4th Cir.1999) (emphasis added). The "or similar membership associations" phrase indicates that the amendment is not intended to be restricted to condominiums and cooperatives.[2]

It is worthy noting, however, that while the Fourth Circuit Court of Appeals concluded that the plain language of the statute was unambiguous and did not apply the exception to the facts of *Lozada,* the court in *Lozada* accepted as governing law the principles enunciated in *Rosenfeld* and agreed that the discharge of the homeowners' association fees and assessments should not be granted. *Lozada,* 214 B.R. at 564.

Moreover, if the amendment is construed as applying only to the condominiums and cooperative housing corporations it specifically mentions, appellant's second argument fails: a legislative amendment

---

**2.** It is significant that Congressional adoption of 11 U.S.C. § 523(a)(16) occurred after the *Rosenfeld* and *Rosteck* decisions and their progeny. Not only does the legislative statement indicate that the language was intended to apply to membership associations; the reality is that Congress, had it intended to do so, clearly could have occupied the field and explicitly and directly overruled *Rosenfeld* and *Rosteck.* This Congress did not do. *But see Lozada,* 214 B.R. at 563 (holding that "postpetition property owner's homeowner's assessments and fees do not fall within the provisions of 11 U.S.C. § 523(a)(16)"), *aff'd* 176 F.3d 475, 1999 WL 190279 (4th Cir. 1999).

pertaining only to condominiums and cooperative housing corporations would not preempt case law pertaining to townhouses.

We turn next to appellant's attempt to broaden this argument, relying on *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), arguing that any debt not explicitly excluded is discharged. *Kawaauhau* dealt only with the dischargeability of a physician's medical-malpractice judgment that resulted from the reckless and negligent, but not malicious or willful, injury to a patient. *Kawaauhau* rejected the argument that willful injury should be construed to include unintentional injury, noting that

> [a] construction so broad would be incompatible with the "well-known" guide that exceptions to discharge "should be confined to those plainly expressed."

*Id.* at 61, 118 S.Ct. at 977 (quoting *Gleason v. Thaw*, 236 U.S. 558, 561, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915)).

The *Kawaauhau* analysis dealt only with personal-injury circumstances and described the pivotal question before the Court as the scope of the "willful and malicious injury exception." *Id.* at 60, 118 S.Ct. at 977. Nothing in the Court's analysis hints that any of the principles in *Kawaauhau* is intended to apply to covenants running with the land.[3]

Significantly, the *Kawaauhau* court was clearly concerned about the danger inherent in applying the suggested interpretation to

> a wide range of situations in which an act is intentional, but injury is unintended, i.e., neither desired nor in fact anticipated by the debtor. Every traf-

fic accident stemming from an initial intentional act—for example, intentionally rotating the wheel of an automobile to make a left-hand turn without first checking oncoming traffic—could fit the description.

*Id.* at 61, 118 S.Ct. at 977. No such risk has been identified from the very narrow interpretative question presented to this court, which deals solely with a clear and unambiguous covenant running with the land. Appellant's reliance on *Kawaauhau* is misplaced. Appellant's postpetition assessments were not discharged by her bankruptcy.[4]

## DECISION

We hold that bankruptcy does not discharge postpetition townhouse assessments that are declared to be covenants running with the land, and we affirm the summary judgment granted to respondent.

**Affirmed.**

---

3. The Supreme Court in *Kawaauhau* specifically observed that Congress had the power to "except debts resulting from unintentionally inflicted injuries" and noted that Congress could have selected additional words to modify the descriptive terms that were at issue in that case. *Id.*, 118 S.Ct. at 977. Similarly, as noted earlier in this opinion, Congress could have adopted the interpretation urged by appellant in this case, but has not done so.

4. Because we hold that appellant's postpetition assessments were not discharged by her bankruptcy, we reject her argument that respondent has no lien on her townhouse because the lien did not attach before the bankruptcy and could not have attached afterwards because the debt was discharged.