## CIRCUIT COURT OF FAIRFAX COUNTY

Brambleton Community Ass'n

v.

Vantha Than
and Mary Sangbouasy

October 14, 2009

Case No. CL-2009-9174

BY JUDGE STANLEY P. KLEIN

The parties are before the Court on an appeal from the Fairfax County General District Court, in which Plaintiff, Brambleton Community Association ("The Association"), has sued Defendant, Vantha Than, for Homeowners Association ("HOA") dues on Than's former home. While Defendant Vantha Than successfully moved to join Mary Sangbouasy as a defendant in this case, Vantha Than was the sole owner of the property during the relevant period. As the HOA dues in this case arise out of ownership of the home in question, only the owner, Vantha Than, can be liable for them. The dues at issue accrued after Than petitioned for Chapter 7 bankruptcy relief but before his home was sold by foreclosure at public auction, during which time he owned the home but neither rented it out nor lived in it.

## I. *Background*

Than purchased a home in Brambleton, Virginia ("The Home"), in an area governed by The Association's HOA Declaration. Among other requirements, the Declaration required that all of the homeowners subject to its terms pay regular HOA dues. Furthermore, Section 6.4(a) of the Declaration stated:

> Each Owner shall be personally liable for all Assessments against such Owner's Lot. No Owner may be exempted from liability for the Assessment . . . by abandonment of the Lot . . . the Lot shall remain subject to a lien for the amount owed to the Association in accordance with this section until such amount has been paid.

Additionally, Section 12.1 of the Declaration stated that an owner's failure to timely pay HOA dues gave The Association the right to collect attorneys' fees if it prevailed in a suit for the untimely payments.

Than petitioned for Chapter 7 bankruptcy relief on May 17, 2007, and was granted discharge on August 22, 2007. Than did not reside in or rent out The Home at any point after petitioning for Chapter 7 bankruptcy relief. However, Than held record title to The Home until May 7, 2008, when it was sold at public auction pursuant to foreclosure proceedings. During this time, the home accrued $1,666.89 in unpaid HOA dues after the filing of Than's petition in bankruptcy ("post-petition HOA dues"). The Association only seeks post-petition HOA dues. The parties have stipulated that post-petition HOA dues in this case total $1,666.89.

## II. *Analysis*

The HOA Declaration in this case is binding on the parties pursuant to Va. Code Ann. § 55-515(A). Than asserts that the post-petition HOA dues should be dischargeable in bankruptcy, while The Association claims that the dues are non-dischargeable debts. Both parties rely on the rationale of the court's opinion in *In re Rivera*, 256 B.R. 828 (Bankr. M.D. Fla. 2000). In *Rivera*, the Bankruptcy Court for the Middle District of Florida held that HOA dues were not dischargeable when they accrued between the time a debtor filed for bankruptcy and when he ceased to be the owner of the lot in question. *Id.* at 830, 835-36; *see also In re Rosenfeld*, 23 F.3d 833, 835-36 (4th Cir. 1994) (holding that housing cooperative dues were not dischargeable when they accrued between the time a debtor filed for bankruptcy and when he gave up record title to the property in question).

The *Rivera* court noted that there are three lines of cases that address whether HOA dues are dischargeable. *Id.* at 831-32. Under the rationale advanced in the first line of cases, if a court concludes that HOA dues arise from a "covenant running with the land," and the debtor continues to own the land after petitioning for bankruptcy, then dues that arise after the debtor petitions for bankruptcy but before the debtor loses ownership of the property cannot be discharged, as they are post-petition debts. *Id.* at 831. Pursuant to the analysis in the second line of cases, if a court concludes that HOA dues arise from a contract signed before the bankruptcy filing but the dues are not specifically tied to the land, then they can be discharged in bankruptcy, as the contract as a whole is a pre-petition debt. *Id.* In the third line of cases, some courts have held that a debtor is not liable for HOA dues unless the individual has "resided in or leased the unit" after petitioning for bankruptcy relief. *Id.* at 832; *see also In re Eno*, 269 B.R. 319, 320-21 (Bankr. M.D. Pa. 2001) (explaining the rationale behind these three lines of cases).

Relying on the first line of cases, The Association argues that Than is liable because the HOA dues are tied to the land. Than, relying on the third line of cases, responds that he is not liable because he did not reside in or rent out the property after filing the bankruptcy petition.

This Court finds both arguments unpersuasive as the three lines of cases that *Rivera* discusses have been superseded by a 2005 Amendment to 11 U.S.C. § 523(a)(16). Section 523(a) lists a variety of debts that cannot be discharged in bankruptcy, including:

> a fee or assessment that becomes *due and payable after the order for relief* to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or *a lot in a homeowners association*, for as long as the debtor or the trustee has a *legal, equitable, or possessory ownership interest* in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

§ 523(a)(16) (emphasis added).

In other words, Than is not discharged from his post-petition HOA dues if The Association can prove that three requirements are met. First, the dues must constitute HOA, condominium, or cooperative housing dues. Second, the dues must become due or payable after the order for relief, to wit, upon a

debtor commencing a voluntary case under the Bankruptcy Code by the filing of a petition. 11 U.S.C. § 301. Third, these dues must accrue while Than holds a "legal, equitable, or possessory ownership interest" in the home. Congress clearly intended "legal, equitable, or possessory interest" as a broad definition of ownership. An earlier version of § 523(a)(16) only excluded from discharge dues that were payable while the debtor (1) physically occupied the dwelling unit or (2) rented the dwelling unit and received rent.

Section 523(a)(16) formerly prohibited the discharge of:

> a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which:
>
> (A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or
>
> (B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period.

Pub. L. No. 103-394, § 309,108 Stat. 4106, 4137 (1994).

Thus, the prior version of the statute only prohibited discharging dues that arose while the debtor was asserting a type of "possessory interest." *See Black's Law Dictionary* 1203 (Defining possessory interest as "[t]he present right to control property, including the right to exclude others. . . ."). However, in the current version of § 523(a)(16), Congress not only excluded from discharge dues arising as a result of a possessory interest, but also those resulting from a legal or equitable interest. This is a much broader exclusion, as the definition of legal interest includes "[a]n interest recognized by law, *such as legal title*" *Black's Law Dictionary* 829 (emphasis added); *cf. Rosenfeld*, 23 F.3d at 838 ("even if Rosenfeld has not exercised the benefits of ownership, as *title holder, he has the legal right to do so*") (emphasis added).

The Association has clearly satisfied the first requirement, as the dues in question are HOA dues. It has also met the second requirement as all of the claimed dues arose after the bankruptcy court's order for relief was entered on May 17, 2007. Finally, the Association has satisfied the third requirement. Than had record title of The Home until it was sold at public auction on March 7, 2008, so he had a cognizable legal interest in The Home until that date. Accordingly, Than is responsible for the HOA fees that accrued between May 17, 2007, and March 7, 2008.

The Association also seeks a recovery of attorneys' fees. The prevailing party in a suit for HOA dues "shall be entitled to recover reasonable attorneys' fees and costs." Va. Code Ann. § 55-515(A). As the parties stipulated that the amount of attorneys' fees properly recoverable is $1,054.00, The Association is also entitled to an award of attorney's fees in that amount.

## III. *Conclusion*

Accordingly, for the reasons set forth above, the Court grants Brambleton Homeowners Association judgment against Vantha Than in the sum of $1,666.89 in HOA dues, plus $1,054.00 in attorneys' fees. The parties stipulated that, if The Association prevailed in this case, judgment would be for $1,666.89 in unpaid HOA dues plus $1,054 in attorney's fees. Accordingly, this Court will not address the issue of prejudgment interest. As Sangbouasy never had a legal interest in the subject property, the Court finds for Sangbouasy. If debtors in the future wish to attempt to avoid these fees, they may consider doing as the court in *Rosenfeld* suggested: after petitioning for bankruptcy, the debtor "must transfer title to the property, if necessary by a deed in lieu of foreclosure." *Rosenfeld*, 23 F.3d at 838 (citations omitted).